IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATHANIEL H. GALES, III | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-12-3614 |
| WARDEN DEYENA CORCORAN, et al. | * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM OPINION

Respondent has filed an Answer to the Court's Limited Show Cause regarding the timeliness of the above-captioned Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2254. ECF No. 8. Petitioner has filed a Reply thereto. ECF No. 10. After review of these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2010); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

### Background

Petitioner Nathaniel Gales ("Gales") was provided a three-day jury trial from May 2 to 5, 1983 in the Circuit Court for Anne Arundel County, Maryland. ECF No. 8 at Ex. 1, pp. 6 – 7. The jury returned a guilty verdict on charges of first degree rape, robbery with a deadly weapon, burglary, assault and battery, and related handgun offenses. *Id*. at p. 7. He was subsequently sentenced to life imprisonment for the first degree rape conviction and two consecutive terms of 15 years for the robbery and handgun convictions. *Id*. Gales filed a Notice of Appeal on July 20, 1983, with the Maryland Court of Special Appeals. *Id*. On June 4, 1984, the appellate court affirmed Gales' conviction. *Id*. at p. 8. Gales did not seek certiorari review from the Maryland

Court of Appeals.  ECF No. 1 at p. 3.

On December 15, 1998, Gales filed a motion to correct illegal sentence.  ECF No. 8 at Ex. 1, pp 8 – 9.   On January 19, 1999, a ruling on the motion was deferred pending the outcome of two cases pending before the Maryland appellate courts[1] addressing the propriety of a gubernatorial policy regarding parole eligible prisoners serving life sentences.  No further action was taken on Gales' motion because the Court of Appeals' decisions rendered the issue raised a nullity.

On July 25, 2007, Gales filed a self-represented Petition for Post-Conviction Relief in the Circuit Court for Anne Arundel County.  ECF No. 8 at p. 9.  On May 2, 2008, a hearing was held on Gales' petition and on June 24, 2008, the court denied relief.  *Id*. at p. 10.  Gales' Application for Leave to Appeal the denial of post-conviction relief was denied by the Court of Special Appeals in an unreported opinion filed on June 29, 2009.  *Id*. at p. 11.  The court's mandate issued on July 29, 2009.  *Id*.

**Standard of Review**

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d).  This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the

---

[1] *See Lomax v. Warden*, 356 Md. 569 (Md. 1999) (Parole Commission and Governor must exercise discretion in making parole decisions); and *State v. Kanaras*, 357 Md. 170 (Md. 1999) (Motion to correct illegal sentence improper vehicle for challenging denial of parole).

> constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For persons such as Petitioner, whose convictions were finalized before April 24, 1996 (the date the one year filing deadline took effect), the filing deadline was one year from the effective date, i.e., until April 23, 1997. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). This one-year period is, however, tolled while properly filed post-conviction proceedings are pending. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir.2000). "[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris* 209 F. 3d at 330. To be entitled to equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330.

**Analysis**

Gales' conviction occurred before the passage of the Antiterrorism and Effective Death Penalty Act of 1996; therefore, the filing deadline for his Petition for Writ of Habeas Corpus was April 23, 1997. Gales had no post-conviction proceedings pending during the one year statute of

limitation to toll the running of the one-year period. In his Reply, Gales asserts his Petition should nevertheless be considered on its merits because the prison library was frequently inaccessible to him; when he could attend the library the inmates who could assist him were not available; when he was sentenced there was no time limitation; he served eleven years of his sentence in federal custody before returning to Maryland; his knowledge of the law is limited; he was transferred to Patuxent Institution on March 3, 2012, without legal materials; the Public Defender's Office could no longer assist him after his Petition for Post-Conviction Relief was denied; "prison lock downs" occurring between 2009 and 2012; and he asserts he has a Constitutional Right to seek relief in this Court. ECF No. 10. Additionally, Gales states in his Petition that no one in the Public Defender's Office informed him of the one-year time limitation. ECF No. 1 at p. 6.

None of the circumstances sited by Gales falls within the exceptions provided in 28 U.S.C. §2244(d). He does not allege that any of the grounds raised in the petition were unknown to him before the date he filed the instant petition. Gales does not explain how his incarceration in federal custody for the first eleven years of his sentence prevented him from meeting the April 23, 1997 filing deadline.[2]  Gales' assertions regarding his ignorance of the law, inability to obtain assistance, or attend the prison law library are inadequate grounds to establish entitlement to equitable tolling of the filing deadline.  "[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." *Cross-Bey v. Gammon*, 322 F. 3d 1012, 1015 (8th Cir. 2003) *see also United States v. Sosa*, 364 F. 3d 507, 513 (4th Cir. 2004) (rejecting ignorance of the law, unsupported language difficulties and mental disorders as basis for equitable tolling). To the extent Gales asserts the Public

---

[2] Gales would have been back in Maryland custody in 1994, three years before the filing deadline, yet, he did not pursue post-conviction relief until June of 2007.

Defender's Office failed to advise him properly, the Court notes that by the time Gales filed his Post-Conviction Petition the federal habeas deadline had already expired. In short, Gales has failed to "point to some other extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit." *Harris*, 209 F. 3d at 330. Accordingly, the Petition must be dismissed as time-barred.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U. S.C.§ 2253(c)(2).


<u>April 1, 2013</u>                                    _____/s/_____
Date                                                             RICHARD D. BENNETT
                                                                   UNITED STATES DISTRICT JUDGE